IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| TANA L. GERARD, | ) | |
| | ) | |
| Plaintiff, | ) | CV-09-35-GF-SEH-RKS |
| | ) | |
| vs. | ) | |
| | ) | **FINDINGS AND** |
| MICHAEL J. ASTRUE, | ) | **RECOMMENDATIONS OF** |
| COMMISSIONER OF SOCIAL | ) | **MAGISTRATE JUDGE** |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Plaintiff, Ms. Tana L. Gerard ("Ms. Gerard"),
instituted this action to obtain judicial review of
the decision of Defendant, Commissioner of Social
Security ("Commissioner"), denying her applications
for Disability Insurance Benefits (DIB) under Title II
of the Social Security Act, 42 U.S.C. §§ 401-434, and
Supplemental Security Income (SSI) under Title XVI of

the Social Security Act, 42 U.S.C. 1381-1383c.

Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g). The case was referred to the undersigned to issue Findings and Recommendations by order of the Honorable Sam E. Haddon. (C.D. 13.) Venue is proper.

Now pending are the parties' cross motions for summary judgment. (C.D. 14 & 17.) The motions are fully briefed and submitted.

## I.   PROCEDURAL BACKGROUND

Ms. Gerard filed for DIB and SSI on September 29, 2005, alleging a disability onset date of March 29, 2005. Tr. at 57-59. Her claim was denied at the administrative level, id. at 54-56, and again after a request for reconsideration, on November 8, 2006. Id. at 49-50. Ms. Gerard timely requested a hearing on November 9, 2006. Id. at 48. The hearing was held September 12, 2007. Id. at 875-955.

The Administrative Law Judge's ("ALJ") decision denying SSI and DIB benefits was issued on November 14, 2007. Id. at 15-31. The Appeals Council denied

review on March 26, 2009, id. at 6-9, making the ALJ's November 14, 2007 findings the Commissioner's final decision for purposes of judicial review.  20 C.F.R. § 416.1481.

## II.  STANDARD OF REVIEW

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a whole, weighing both the evidence that supports and

detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While this Court may not substitute its findings for those of the Commissioner, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

### III.      BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc.

Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. Id. at 946. At step one, the claimant must show she is not currently engaged in substantial gainful activity. Id. At step two, the claimant must demonstrate that she has a severe impairment. Id. At step three, the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. Id. If that case is made, at step five the burden shifts to the Commissioner to prove the

claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience and residual functional capacity ("RFC").  <u>Jones</u>, 760 F.2d at 995.

## IV. DISCUSSION

The ALJ found Ms. Gerard was not disabled during the relevant period for the purposes of Social Security because despite Ms. Gerard 's limitations and her inability to perform her past work, her RFC allowed her to perform other jobs that exist in that national economy.  Tr. at 31.  Ms. Gerard argues the ALJ erred when he 1) found Ms. Gerard not entirely credible, and 2) disregarded the opinions of Ms. Gerard 's physicians.  Pltf.'s br. at 5.

The Commissioner argues that substantial evidence supports all the ALJ's determinations.

### A.  Ms. Gerard 's Credibility

Ms. Gerard  argues the ALJ erred in finding her not entirely credible regarding her limitation testimony.  Pltf.'s br. at 22.

To assess a claimant's credibility, the ALJ may consider ordinary credibility evaluation techniques, unexplained or inadequately explained failure to seek or follow treatment, and the claimant's daily activities. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1284 (9th Cir. 1996). However, "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaint." <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998) (quoting <u>Lester</u>,81 F.3d at 834).

An ALJ may take the lack of objective medical evidence into consideration when assessing credibility. <u>Batson v. Commissioner of Social Security Administration</u>, 359 F.3d 1190, 1196 (9th Cir. 2004). Inconsistencies in testimony may also be factored in such an assessment. <u>Orn v. Astrue</u>, 495 F.3d 625, 636 (9th Cir. 2007) (citing <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ must also consider the factors set forth in SSR 88-13 including:

A.  The nature, location, onset, duration,
    frequency, radiation, and intensity of any
    pain;

B.  Precipitating and aggravating factors (e.g.,
    movement, activity, environmental conditions);

C.  Type, dosage, effectiveness, and adverse side-
    effects of any pain medication;

D.  Treatment, other than medication, for relief
    of pain;

E.  Functional restrictions; and

F.  The Claimant's daily activities.

SSR 88-13; 20 C.F.R. § 416.929(c).

If, after engaging in this analysis, the ALJ
rejects a claimant's subjective testimony of the
severity of symptoms, he must cite specific, clear and
convincing reasons for doing so.  <u>Smolen</u>, at 1283-84
(citing <u>Dodrill v. Shalala</u>, 12 F.3d 915, 918 (9th Cir.
1993).

In Ms. Gerard's case, the ALJ gave clear and
convincing reasons to find Ms. Gerard not entirely
credible.  First, the ALJ noted that several medical

providers indicated Ms. Gerard's claims of pain and limitation did not match her physical exams.  Tr. at 23, 146, 148, 150, 160, 165, 168.   Inconsistencies with testimony and objective medical findings are sufficient to discredit claimant's subjective testimony.  Carmickle v. Commissioner of Social Security, 533 F.3d 1155, 1161 (9th Cir. 2008).   The ALJ noted that Ms. Gerard did not take her medications as prescribed.  Tr. at 25, 226, 252.  Further, he found Ms. Gerard required little ongoing medical treatment for her physical conditions, and her symptoms had not changed or worsened over the years. Tr. at 23; see Parra v. Astrue, 481 F.3d 742, 750-751 (9th Cir. 2007)(evidence of conservative treatment is sufficient to discount claimant's testimony of disabling impairments).

Regarding Ms. Gerard's mental impairments, the ALJ again cited discrepancies with Ms. Gerard's complaints and the evidence of record.  Dr. Evans reported that Ms. Gerard was housebound except for medical appointments, tr. at 326, 371, yet the record shows

she drove a car, shopped for groceries and clothing, cooked and did chores, visited family and friends, and participated in group therapy and GED classes.  Tr. at 78, 80-81, 153, 164.  See <u>Bray v. Astrue</u>, 554 F.3d 1219, 1227 (9th Cir. 2009) (daily activities including cooking, cleaning, and driving to appointments belie a claim of debilitating illness.)  Even if this was insufficient, the error would be harmless at most, because the ALJ provided other clear and convincing reasons for discrediting Ms. Gerard's testimony as discussed above.  <u>Id</u>.

The ALJ did not err in finding Ms. Gerard not entirely credible.

**B.  Physician Opinions**

Ms. Gerard argues the ALJ rejected the opinions of treating physicians Sally Lyndon and MaryAnn Evans, and rejected the opinions of non-treating physicians Dr. Rushworth, Dr. Hurd, and Dr. Bach.  <u>Id</u>. at 12.

An ALJ may only disregard the uncontradicted opinion of a treating physician by providing clear and convincing reasons for doing so. <u>Lester v. Chater</u>, 81

F.3d 821, 830 (9th Cir. 1996) (citations omitted). If
contradicted, an opinion may be properly discounted
only by providing specific and legitimate reasons
supported by substantial evidence in the record. Id.

### 1.  Ms. Lyndon

Mr. Gerard argues the ALJ rejected the opinion of
treating physician Ms. Lyndon because "she had treated
Tana too long and was sympathetic."  Id. at 11.
First, Ms. Lyndon, a CRNP, is not an acceptable
medical source, but rather an "other source."  20
C.F.R. 404.1513(a) & (d).  Ms. Lyndon cannot be
considered a treating source because only acceptable
medical sources may be considered treating sources.
SSR 06-03p at 2.  Thus, the "specific and legitimate
reasons" standard applies.

The ALJ provided specific and legitimate reasons
to reject Ms. Lyndon's opinion.  Ms. Lyndon's opinion
was that Ms. Gerard was disabled.  The ALJ found, and
the record supports, that Ms. Lyndon's opinion of
disability is inconsistent with her own records, which
indicate she never knew Ms. Gerard to be "truly

physically disabled" and that Ms. Gerard's limitation had not changed much since Dr. Peterson's finding that Ms. Gerard could perform work. Tr. at 216.  These are proper reasons for rejecting the opinion of Ms. Lyndon.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

### 2.  Dr. Evans

Ms. Gerard seems to argue the ALJ improperly assigned no weight to Dr. Evans' opinion that Ms. Gerard had marked mental limitations.  Tr. at 370-371.

The parties disagree on the proper standard - "specific and legitimate" or "clear and convincing." "When evidence in the record contradicts the opinion of a treating physician, the ALJ must present 'specific and legitimate reasons' for discounting the treating physician's opinion, supported by substantial evidence." Bray, 554 F.3d at 1228.  A non-examining physician can contradict a treating physician, although that alone is not substantial evidence. Widmark v. Barnhart, 454 F.3d 1063, 1066-67 (9th Cir. 2006).  In Ms. Gerard's case, Dr. Evans' opinion was

contradicted by non-examining sources, such as Dr.
Bach.   Therefore, the "specific and legitimate"
standard applies, and the ALJ's reasons must be
supported by substantial evidence.

The ALJ provided specific and legitimate reasons
for rejecting Dr. Evans' opinion, which were supported
by substantial evidence.   The ALJ noted that Dr.
Evans' opinion contradicted her own treatment notes,
and other medical evidence of record.   Tr. at 274,
288, 327, 343, 350, 381, 389, 460.   See Bayliss, 427
F.3d at 1216 (discrepancy between opinion and clinical
notes and observations a clear and convincing reason
to reject treating physician's opinion). The ALJ also
noted Dr. Evans' opinion was not consistent with other
evidence of record.   See Batson, 359 F.3d at 1195 (ALJ
may discredit opinion of treating physician that is
unsupported by the record as a whole).   The ALJ did
not err in rejecting Dr. Evan's opinion that Ms.
Gerard had marked mental limitations.

### 3.   Dr. Rushworth

Ms. Gerard argues the ALJ improperly gave no

weight to Dr. Rushworth's opinion.  Pltf.'s br. at 11-12.  Here, the parties agree the "specific and legitimate reasons" standard applies.

The ALJ gave specific and legitimate reasons for rejecting Dr. Rushworth's opinion that Ms. Gerard could not return to work.  The ALJ noted many inconsistencies with Ms. Gerard's report to Dr. Rushworth and her reports to Dr. Hurd one month prior. Compare tr. at 164 with 173-179.  The ALJ noted Dr. Rushworth's opinion appeared to be based upon Ms. Gerard's subjective complaints, which he found not entirely credible.  Tr. at 27.  Further, the ALJ found that to the extent Dr. Rushworth based her opinion on Ms. Gerard's physical limitations, her opinion was outside her area of expertise, which is psychology. Id.  These are valid reasons for rejecting Dr. Rushworth's opinion.  See Bray, 554 F.3d at 1228 (9th Cir. 2009); 20 C.F.R. §§ 404.1527(d).

### 4.  Dr. Hurd

The parties agree the "specific and legitimate reasons" standard applies, however Ms. Gerard makes no

meaningful argument regarding the ALJ's rejection of Dr. Hurd's finding that she could perform sedentary work. The limited weight assigned to this opinion is actually beneficial to Ms. Gerard's case. Nonetheless, the ALJ did not err when he discounted Dr. Hurd's opinion.  Dr. Hurd could not be sure exactly what, if any, work Ms. Gerard was capable of performing due to her exaggerated complaints and lack of objective findings to support her complaints.  The ALJ weighed this opinion properly under 20 C.F.R. §§ 404.1527(d) and 416.927(d).

### 5.  Dr. Bach

The parties agree the "specific and legitimate reasons" standard applies, but again, Ms. Gerard makes no meaningful argument regarding Dr. Bach's opinion that she was not as limited as Dr. Evans opined. Indeed, assigning limited weight to Dr. Bach's opinion was beneficial to Ms. Gerard.  Ms. Gerard has offered no basis for her argument the ALJ improperly rejected Dr. Bach's opinion.  There was no error.

## V.   CONCLUSION

The ALJ did not err as a matter of law and his conclusions are supported by substantial evidence.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1.   Ms. Gerard 's Motion for Summary Judgment (C.D. 14) should be **DENIED**;

2.   the Commissioner's Motion for Summary Judgment (C.D. 17) should be **GRANTED**.

## VI. NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The

district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 7th day of January, 2010.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge